### S. B. HEABERLAND *v.* NANCY GRIFFEE ET AL.

**Improvements—Liability for.**

> One person cannot hold another responsible for improvements made on the land in question where there is no privity shown.

#### APPEAL FROM CARTER CIRCUIT COURT.

February 12, 1874.

OPINION BY JUDGE LINDSAY:

We are unable to perceive any ground upon which relief could have been afforded appellant against either of the appellees. He could not have pay for his improvements at the expense of G. W. and W. L. Sturgill. He was not an occupying claimant, having reason to believe himself the owner of the land. He regarded the patent to John A. Justice as insufficient to secure the title. The doubt on that question was settled, if at all, by an examination of McDaniel's warranty. This paper amounted in law to notice of the claim of the Sturgill children. If appellant did not examine as to their claim it was his own fault.

He was not entitled to judgment against McDaniel. His warranty, if it be a warranty, was to Henry I. Justice. So far as the record evidence before us shows, appellant has not succeeded to the benefit of this warranty. He bought from John A. Justice, and he does not show that there was ever any such contract of sale from

Henry I. Justice to John A., as would authorize the latter to look to McDaniel in case he should lose the land for which he took out the patent.

Privity between McDaniel and appellant is not shown to exist. For the same reason he cannot hold Henry I. Justice responsible. He never had any contract with him, and never had the right to demand that he should be allowed the benefit of McDaniel's warranty.

The agreement of the latter, after the institution of the suit by the Sturgills, that he should, was without consideration, and Henry I. had the right to refuse to carry it out if he chose to do so. Appellant must look for relief to John A. Justice, from whom he purchased.

Judgment affirmed.

*E. B. Wilhoit, for appellant.*

*R. D. Davis, Botts, for appellee.*